33 C.C.P.A.(Patents)

### Application of BEACH.

### Patent Appeal No. 5094.

Court of Customs and Patent Appeals.

Jan. 7, 1946.

982

Owen & Owen, of Toledo, Ohio (Scott H. Lilly, of Toledo, Ohio, of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

O'CONNELL, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the action of the Primary Examiner in finally rejecting all of the claims in appellant's application for a patent particularly adapted to the packaging of asphalt in paper bags which are so lined that the bag may be readily removed from the asphalt without material injury to the paper.

The sole question presented for decision is whether appellant's disclosure is sufficiently descriptive to satisfy the statutory requirements.

The appealed claims contain no details of the alleged invention that are not disclosed in appellant's specification. Claim 7 is illustrative and suitable for an understanding of the issue presented. It reads:

"7. A paper bag for containing material having the characteristics of asphalt, said bag having, inside of the paper, a layer of sizing rich in adhesive, relatively tough and tenacious, and substantially impervious to asphalt, and an intermediate layer of sizing between the paper and the first said layer, said intermediate layer being more friable and weaker in adhesive than the first said layer and normally bonding the first said layer to the paper during handling of the paper in making and filling the bag, but allowing the stripping of the first said layer from the paper without material injury to the paper."

It is noted from the text of the foregoing claim that appellant has given no examples nor specifically defined the ingredients of the composition of the two differentiating layers of size or coating material employed by him in producing the paper for the manufacture of the bag.

The import of the concurring decisions of the Primary Examiner and the Board of Appeals was that appellant's disclosure merely states a result to be accomplished without describing the patentable means to produce that result and that considerable research would be required of any person skilled in the art in order to find two grades of size which would act in the critical manner required by the disclosure.

Appellant alleges in his specification, however, that the exact composition of the two layers of sizing is not important; the important factor being that the surface layer shall constitute a substantially continuous, impervious film, while the first layer connects it to the paper sufficiently to insure its staying in place during ordinary handling of the paper and bag-making operations, etc., but yet will permit the stripping of the surface layer of sizing from the paper without any material tearing of the paper itself.

The term "sizing," according to the disclosure, is employed in its broad sense to include any material which is of a more or less adhesive nature, but which may contain various non-adhesive ingredients, this being particularly true of the first layer of sizing.

Appellant's position here is summarized by these statements in his brief:

"The specifications for sizing should be submitted to a sizing expert, just as cutlery steel specifications should be submitted to the metallurgist who makes the steel. American Stainless Steel Co. v. Ludlum Co., 2 Cir., 290 F. 103. In this case, the specifications were so submitted and proved to be ample before they were filed in the Patent Office. This fact should not be disregarded without some tangible reason. No such reason has been given. Accordingly it is submitted that the Board was in error in holding that research would be required to produce coated paper such as claimed in this case, given the directions furnished in the specification, and consequently in error in holding that the disclosure in this case is insufficient to enable an expert in the art

to which it appertains to make and use the invention."

The Patent Laws provide that before any inventor or discoverer shall receive a patent for his invention or discovery he shall file in the Patent Office a written description of the same and of the manner and process of making and using it in such full, clear, concise, and exact terms as to enable any person skilled in the art to construct, compound, and use the same and so as to distinguish it from other inventions. See section 4888, R.S., U.S.C., title 35, sec. 33, 35 U.S.C.A. § 33.

A further purpose of the disclosure in any patent is to enable the public to practice the invention after the period during which the patentee has the right to the exclusive use of the invention has expired. Therefore, the disclosure of a party claiming an invention must be such as to enable any person skilled in the art to practice the invention without further research or exercise of the inventive skill. Mergenthaler v. Scudder, 11 App.D.C. 264, 1897 C.D. 724; Townsend v. Smith, 36 F.2d 292, 17 C.C.P.A., Patents, 647.

It cannot be questioned that a notable amount of descriptive detail is omitted in appellant's disclosure 'but the law is well settled that it is not essential to describe in detail what is obvious to one skilled in the art. The issue as to whether or not appellant has met the requirements of the statute in this case depends therefore upon the interpretation that should be attributed to the phrase, "any person skilled in the art."

Since that term is a relative one to be interpreted in the light of a particular art having regard for the disclosure under consideration, no absolute definition of the term can be laid down as a matter of law.

The generally accepted definition which has been applied as a working rule by the Patent Office as well as the courts over a long period of years, however, is to the effect that the words "any person skilled in the art" does not mean persons who excel their fellows in particular arts or sciences in which they are skilled, but merely men who have ordinary or fair information and skill in that particular line. Ex parte Kerr, 1884 C.D. 27; Pupin v. Hutin et al., 1902 C.D. 269.

To quote from Walker on Patents, Sixth Edition, Section 160:

"* * * the phrase 'any person skilled in the art or science' includes persons of ordinary and fair information and skill in the relevant art or science; and the phrase is not confined to the most eminent scientists or to the most competent experts, in that science or art."

American Stainless Steel Co. v. Ludlum Co., supra, records a decision of the United States Circuit Court of Appeals which reversed the decree rendered by the District Court after a trial in a case of infringement. There the lower court erroneously measured the disclosure of the involved patents for making stainless steel by what a cutter, who has nothing to do with the manufacture of the steel, would learn from them. In the opinion of the Circuit Court, it is noted [290 F. 107]:

"* * * these patents refer to the production or making of a certain kind of steel; they instruct with remarkable precision as to the component parts of the material, which is to be stainless. * * * we are of opinion that these patents are to be interpreted in the light of what their disclosure would mean to one accustomed to the art of making steel, or to a metallurgist, and not to one who was concerned only with the forming thereof into implements of industry."

It will be noted in the case just cited the Court held that the disclosures *"instruct with remarkable precision as to the component parts of the material"* and "are to be interpreted in the light of what their disclosures would mean *to one accustomed to the art of making steel."* (Italics supplied.) There is no reference whatever in that case to the fact that the disclosure must first be submitted to an expert in the art of making steel. Appellant has cited no authority and we know of none which authorizes such a practice as the basis for the allowance of a patent.

The disclosure in the case at bar calls for the concurrent use of two different qualities of sizing material which admittedly requires a comparatively delicate selection of proportions. Neither the component parts of such material nor the exact quantity to be used in making the two differentiating layers of size is disclosed. The examiners in the Patent Office and the members of the Board of Appeals, who are presumed to be skilled in the particular art, have held in effect that considerable research or experimentation would be necessary to enable any person skilled in the art to practice the

alleged invention disclosed in the appealed claims.

The affidavits which appellant submitted to rebut that holding are clearly without merit as to the question here in issue. These affidavits disclose that a test was made by one who confessedly is an expert in the sizing art, instead of by any person skilled in the art; they do not allege what materials or proportions were used, nor do they properly show that the alleged invention was reduced to practice according to the specification and the conditions under which it is designed to function. Finally, the affiants substitute their own conclusions for a statement of facts to show that the expert produced a satisfactory result in keeping with the requirements of the disclosure.

In the absence here of a clear showing by appellant that his disclosure is sufficient to meet the statutory requirements, the decision of the Board of Appeals is affirmed.

Affirmed.