34 C.C.P.A. (Patents)

### Application of HANEY et al.

### Patent Appeal No. 5202.

Court of Customs and Patent Appeals.
Dec. 9, 1946.

I. Seltzer and C. W. Levinson, both of New York City, for appellants.

W. W. Cochran, of Washington, D. C. (H. S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

O'CONNELL, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the action of the Primary Examiner in rejecting claims 1 to 8, inclusive, 15 and 16, being all the claims in appellants' application for a patent for a process whereby solutions of organic derivatives of cellulose, including cellulose esters and cellulose acetate, may be clarified "by a simple filtration procedure" and used in the production particularly of articles in which a high degree of transparency is desired.

The references are—

| Copland | 2,066,141 | Dec. 29, 1936 |
| Tinsley | 2,214,943 | Sept. 17, 1940 |

Claims 1 and 8 are illustrative—

1. A process for the clarification of solutions or organic substitution derivatives of cellulose, which comprises dissolving an organic substitution derivative of cellulose in a solvent therefor, adding a filter aid and filtering the solution at elevated pressure in a plurality of stages, the first stage being carried out by filtering a portion of the solution containing a relatively high concentration of filter aid, and continuing the filtration with the solution at a temperature higher than the temperature of said first portion and containing a lower concentration of filter aid.

8. A process for the clarification of solutions of cellulose acetate, which comprises dissolving the cellulose acetate in acetone, adding a diatomaceous earth filter aid and filtering the solution at elevated pressure in a plurality of stages, the first stage being carried out by filtering a portion of the solution containing a relatively high concentration of filter aid, and continuing the filtration with the solution at a temperature of at least 50°C. and containing a lower concentration of filter aid.

The involved subject matter was described by the examiner—The present application is directed to a process for filtering solutions of cellulose derivatives, particularly solutions of cellulose acetate. More specifically the process comprises dissolving the cellulose derivative in a solvent, adding a filter aid, such as diatomaceous earth, or a fibrous material such as disintegrated wood. The filtration is then carried out in two stages by first passing through the filter a minor portion of the solution containing a high percentage of filter aid in order to form a relatively thick coating or precoat of the filter aid on the filter pads, and then passing the remainder or bulk of the solution, containing a lower concentration of filter aid, at a higher temperature. It is stated that by following this procedure, the filtration capacity of existing filtration units may be considerably increased.

The patent to Copland discloses a process for the clarification of sugar, or glucose, solutions in a plurality of stages to reduce the cost and increase the efficiency of the filtration by using a filter aid, such as corn hulls, fibrous material, and kieselguhr.

Assuming the use of filter equipment old in the art and employing a filter cloth, such as employed by appellants, through which the solution is passed, Copland describes two stages in his preferred process: first, pre-coating the filter cloth with certain proportions of the filter aid and passing that mixture through the filter; second, mixing a lower proportion of the filter aid with the remaining solution to be filtered and passing that mixture through the filter.

The patent to Tinsley discloses a process for the clarification of solutions of cellulose esters, more particularly cellulose acetate, for use in the production of photographic films, safety glass, and other articles in which "transparency and high clarity are necessary or desirable." Cellulose fiber and diatomaceous earth are mentioned by Tinsley as suitable filter aids, but he describes no steps to be followed in effecting the clarification.

The appealed claims were all rejected by the examiner as lacking invention over Copland in view of Tinsley. The action of the examiner was affirmed by the Board of Appeals which after pointing out, among other things, that neither Tinsley nor Copland mentions filtering temperatures, made the following pertinent statement: It seems to us it would not involve invention to carry on the pre-coating step at the temperature most effective to obtain pre-coating and to carry on the filtering step at the temperature most effective for filtering; * * *

Appellants petitioned the board to reconsider the decision rendered for the alleged reason that it was based upon a misapprehension of the involved facts and issues. After granting the petition, the board adhered to its original decision but pointed out, in answer to one of appellants' arguments, that no patentable significance over other solvents listed as suitable in Tinsley appeared to attach to acetone as mentioned in claim 8 by appellants.

The arguments presented in appellants' petition for reconsideration are substantially the same arguments upon which they rely here. They urge that the patent to Copland is not relevant because it relates to a "wholly nonanalogous art" of the clarification of sugar solutions; that the patent to Tinsley is not relevant because the patent merely shows a very special type of solution of cellulose acetate without showing how it may be used with the filter aid, and without showing that the cellulose acetate is dissolved in acetone as defined by claim 8.

■ There is no merit in the foregoing contention of appellants. The appealed claims are directed not to a material but to a process, and the concurring decisions of the tribunals of the Patent Office have properly held that there is no patentable difference between the process defined by the appealed claims and the process defined by Copland so far as the steps of using the involved material is concerned. See In re McKee, 75 F.2d 635, 22 C.C.P.A. (Patents) 1010; In re Saunders et al., 154 F.2d 693, 33 C.C.P.A. (Patents) 1001, and authorities therein cited.

Appellants further urge that any person skilled in the art having both Copland and Tinsley before him would not "reach" appellants' invention, for the reason that all the appealed claims call for using a higher temperature in the filtration of the second solution than in the first, and such limitation is not disclosed by either reference.

■ Appellants' contention that no person skilled in the art would "reach" their invention after an examination of the disclosures of Copland and Tinsley, is not a valid objection to the consideration of those references. In considering more than one reference, or references alleged not to be in the art involved, the question always is whether they suggest to a person skilled in the art to do the thing that the applicant has done. In re Fridolph, 134 F.2d 414, 30 C.C.P.A. (Patents) 939; In re Stover, 146 F.2d 299, 32 C.C.P.A. (Patents) 823.

■ Appellants allege in their brief that there is nothing in the record to support the conclusion of the board that it would not involve invention to carry out the respective steps of the process defined by the appealed claims at the temperature most effective to obtain the desired result. The fact that neither Copland nor Tinsley discloses the temperature at which to carry out the steps of his patented process does not necessarily mean that the temperature called for by the appealed claims would define patentable subject matter over the disclosure of such references.

■■ The law is well settled that a reference patent need not describe in detail that which is obvious to a person skilled in the art. Loom Company v. Higgins, 105 U.S. 580, 586, 26 L.Ed. 1177; In re Beach, 152 F.2d 981, 33 C.C.P.A. (Patents) 815. Moreover, it was part of appellants' burden to establish that the decisions of the Patent Office were erroneous.

Although the point was not mentioned by the examiner in his statement on appeal, the board held that there was no patentable significance in dissolving the solution in acetone, as defined by claim 8, over other solvents listed by Tinsley as suitable for that purpose. No reason here appears calling for the reversal of that holding.

The record discloses that appellants have done nothing that would not be obvious to any person skilled in the art after an examination of the cited references and in the absence of a proper showing of a new and unexpected result, the decision of the Board of Appeals is affirmed.

Affirmed.