35 C.C.P.A. (Patents)

**Application of BETZ.**

**Patent Appeal No. 5399.**

Court of Customs and Patent Appeals.

Feb. 10, 1948.

Rehearing Denied April 2, 1948.

832

Brown, Jackson, Boettcher & Dienner, of Chicago, Ill. (Charles V. Hildebrecht, of Chicago, Ill., of counsel), for appellant.

W. W. Cochran, of Washington, D.C. (H. S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and HATFIELD and JACKSON, Associate Judges.

JACKSON, Associate Judge.

On October 14, 1940, appellant filed his application, serial No. 361,079, for a patent for "Thermoelectrically Operated Safety Devices." The Board of Appeals of the United States Patent Office affirmed the decision of the examiner refusing to allow all of the claims, 19 and 20, of the application. The claims were copied from a patent to Ashcraft, No. 2,335,471, dated November 30, 1943, on an application, serial No. 338,938, dated June 5, 1940, for the purpose of invoking an interference. The Primary Examiner held the claims are not readable upon the original disclosure of appellant's application. From the decision of the board, this appeal was taken.

The claims read as follows:

"19. In combination, a pilot burner comprising a tubular body having an apertured partition therein, means for supplying a fuel mixture of gas and air to said tubular body so that when ignited a flame projects from said tubular body starting from said apertured partition, a thermocouple mounted so as to extend through said partition with one junction within said flame and the other junction within said tubular body in the direct path of the unignited fuel flowing through said body, and means projecting from said tubular body beyond said apertured partition and partially confining the flame so as to direct it against said one junction.

"20. In combination, a pilot burner comprising a tubular body having an apertured partition therein, means for supplying a fuel mixture of gas and air to said tubular body so that when ignited a flame projects from said tubular body starting from said apertured partition, a thermocouple mounted so as to extend through said partition with one junction within said flame and the other junction within said tubular body in the direct path of the unignited fuel flowing through said body, and an open ended housing projecting from said tubular body beyond said apertured partition so as to confine the flame and direct it against said one junction."

Two patents were discussed in the Examiner's Statement, the Ashcraft patent, above mentioned, and the patent to Wetzel, 2,198,896, dated April 30, 1940.

The application, as far as the issue here is concerned, discloses a gas pilot burner, the body or casing of which is tubular in form. Within the casing is contained a burner face plate or partition, perforated with apertures or ports. The plate, according to the specification "is held in place in any suitable manner as by means of an externally threaded retaining ring * * *. If desired, however, burner face plate * * * may be welded in position in casing * * *." The fuel mixture of gas and air to the tubular body is supplied by means of a pipe. A thermocouple is shown extending through the plate, with one junction in the flame area, and two other junctions back of the plate but within the tubular body directly in the path of the unignited fuel flowing through the body. The air and gas mixture conducted by the pipe ignites on leaving the apertures in the burner plate and may be either a pilot flame or a full flame, depending on the fuel flow; but in both instances the burning fuel heats the hot junction. The fuel mixture coming through the pipe has

a cooling effect on the so called "hot" junction, and should the flame be extinguished, the unignited fuel also cools the hot junction so as to quickly equalize the temperature of the hot and cold junctions, and thus decreases an electric current so that the safety device of the apparatus will move to the "off" or "deenergized" position.

The only ground of rejection is that the involved claims do not read upon appellant's disclosure. Therefore, it is unnecessary to discuss the two patents hereinabove mentioned.

It was held by the board that claim 19 reads word for word upon the structure disclosed in the involved application except for the last portion of the claim reading as follows: "means projecting from said tubular body beyond said apertured partition and partially confining the flame so as to direct it against said one [the hot] junction."

With respect to claim 20, the board held that the last phrase thereof, although somewhat differently worded, practically means the same as the quoted part of claim 19. In other words, the only issue is whether or not the last phrase of each of the involved claims is new matter not disclosed in the application of appellant as originally filed.

Fig. 1 of the application depicts the tubular body of the burner within which is shown an apertured burner plate through which, in the center thereof, the hot junction of the thermocouple passes, the end of which is covered by a threaded nut or lug. The plate is shown to be held in place by an externally threaded retaining ring which is screwed into the threaded end of the tubular body and projecting therefrom beyond the burner plate or partition.

There is nothing in the specification of appellant that the ring holding the partition or face plate in place projects from the tubular body. Neither is there any disclosure that the ring shown in the drawing confines the flame partially, or otherwise directs the flame against the hot junction of the thermocouple. The only function assigned to appellant's ring is that it holds in place the burner face plate. That the specification merely attributes a holding function to the ring, we think is clear, for the reason that it is therein stated "If desired, however, burner face plate 4 may be welded in position in casing 1."

With reference to the disclosure contended by appellant to be present in his application by reason of Fig. 1, above referred to, the board observed that "it is well known that patent drawings are not working drawings." Furthermore, in its specification, appellant states that "Figure 1 is a more or less diagrammatic view partially in section, illustrating the application of a thermocouple to a straight type of burner head in accordance with the present invention; * * *."

Appellant does not contend that his original specification sets out the claimed function of his ring, to either confine or direct the flame upon the thermocouple hot junction. He invokes the principle of inherency in his structure and argues that to claim a function, which is the natural result flowing from the structure and operation, as taught in the description and drawings of an application, does not constitute new matter.

It has been held in this court many times that mere possible inherency in a structure does not give one the right to invoke that doctrine. See In re Draeger et al., 150 F.2d 572, 32 C.C.P.A., Patents, 1217.

We are of opinion that appellant's ring, which holds the burner plate in place, broadly speaking, confines the flame to the space surrounded by the ring. We cannot say that the structure directs the flame, as called for by the claims. It is true that the hot junction of the thermocouple is in the flame, but we are sure that the flame is not directed against that junction. Furthermore, appellant's ring is not necessarily a projection at all. The specification specifically states that the perforated burner plate may be held in place by welding. If it were so held in place, of course, there would not necessarily be a "means projecting from said tubular body beyond said apertured portion * * *" and no "partially confining the flame so as to direct it against said one junction."

The equivocal disclosure, such as we have above mentioned, we are convinced is not of such a character as to invoke the doctrine of inherency. There is no teaching here that appellant's structure must of necessity confine and direct the flame, as defined by the express limitations in the last phrase of the invoked claims.

For the reasons hereinabove given, the decision of the Board of Appeals is affirmed.

Affirmed.

By reason of illness, O'CONNELL, Associate Judge, was not present at the argument of this case and did not participate in the decision.