37 C.C.P.A. (Patents)

Application of KINDERMAN.

Patent Appeals No. 5642.

United States Court of Customs
and Patent Appeals.

Dec. 12, 1949.

William Steell Jackson & Son, Phila-delphia, Pa. (Joseph Gray Jackson, Phila-delphia, Pa., of counsel) for appellant.

E. L. Reynolds, Washington, D. C. (H. S. Miller, Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, and JOHN-SON, Associate Judges.

O'CONNELL, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 1-9; 13, and 59 in appellant's application for a patent relating to a gauge for indicating liquid level or differential pressure by magnetic force transmitted from a pres-sure container, through a nonmagnetic wall, to a spiral armature outside the con-tainer, such as a steam boiler. The gauge as applied to a boiler is located in position to be read from the floor.

Thirty claims have been allowed, all of which were drawn to apparatus. Claim 59, also drawn to apparatus, was rejected as being fully met by the disclosure of the Norwegian patent to Berg, No. 46,537, of June 3, 1929. Claims 1-9 and 13, drawn to method, were rejected as improper method claims under the doctrine of In re Ernst et al., 71 F.2d 169, 21 C.C.P.A., Patents, 1235, for the stated reason that the limitations of the rejected claims amount to nothing more than a recital of the function or obvious way of operating the apparatus covered by the allowed apparatus claims.

Appellant has set forth in his application and claimed numerous different structures together with the various methods of oper-ation defined in the different groups of method claims. Of the appealed claims, claims 1 and 59 are illustrative and read as follows:

"1. The method of translating differ-ences in fluid pressure into rotary move-ment using a magnetic flux-producing

means, a tubular nonmagnetic pressure wall, and an armature in the form of a band of magnetizable material which comprises spiraling the band about its center longitudinal line, mounting the band to rotate about this line as an axis and locating it transverse to the direction of the flux, shielding the armature from the pressure by the tubular nonmagnetic pressure wall while passing flux from the flux-producing means to the armature through the wall, setting up a resilient retardant which resists shift of the flux-producing means causing the difference in fluid pressure to shift the flux-producing means in the direction of the length of the armature and against the retardant and using the flux to align the spiral armature in the same spiral relation to the flux throughout different positions of the flux-producing means along the length of the spiral armature."

"59. A magnet having opposing cylindrically faced poles, a spiraled armature of magnetizable material located in the space between the poles, bearings permitting its rotation about its axis and an indicator carried by the armature, opposite poles of the magnet having a pole length extending along the length of the armature for at least the greater part of a quarter of a length of the armature pitch, whereby the field of force reacts on the armature oppositely at distances spaced along the armature approximating a quarter of the armature pitch, holding the armature in balanced position by the opposite magnetic moments thus produced."

Appellant's application consists of more than 50 printed pages of descriptive detail and eight pages of drawings depicting 32 different figures. However, for the purpose of considering the subject matter of the appealed claims, the following succinct description thereof by the Solicitor for the Patent Office is deemed to be sufficient:

"Appellant, by various different structures of apparatus, mounts a magnet so that when the pressure difference to be measured changes, the magnet is moved. The movement of the magnet influences an armature in the form of a rotatably mounted and spirally twisted magnetic band causing rotation of the band, which rotation is indicated by a suitable pointer.

"In claim 59 there is claimed the structure of an apparatus in which the two opposite poles of the magnet have a pole length extending along the length of the armature for at least the greater part of a quarter of the length of the armature pitch. * * *"

The patent to Berg relates to an apparatus for carrying out operations involving measurements and weighings. We deem it necessary to a proper understanding of the question in issue to here reproduce the drawing of the cited reference together with the following excerpt from its specification, as translated in the transcript of the record:

"An embodiment of the invention in diagrammatic form is shown in the accompanying drawing where 1 is a permanent magnet which in some suitable manner is connected with the object to be measured * * *. 2 is an armature of soft iron in the form of a spiral or that of a propeller and the poles of the magnet are provided with corresponding spiral pole pieces 3, 4. On the same shaft as the armature is also attached an indicator 5 which is moved with respect to a scale. The shaft 7 which supports the armature is mounted in freely rotatable manner in the bearings 8 and 9.

"It will be seen that when the magnet 1 is moved axially in respect to the armature 2 it will as a consequence of its spiral or

propeller-like form be turned by an angle which is directly proportional to the axial movement of the armature. It will be understood that the pitch of the armature 2 for the sake of greater clarity is shown much exaggerated in the accompanying drawing whereas actually the pitch is very small."

The Board of Appeals affirmed the rejection of claim 59 for the specific reasons stated in the following excerpt from the decision of the Primary Examiner: "Claim 59 stands rejected as fully readable on the Norwegian patent to Berg. As shown in the drawing of this patent, poles 3 and 4 of magnet 1 have opposing cylindrically faced poles, and the poles have a length extending along the length of spiraled armature 2 for at least the greater part of a quarter of the armature pitch."

Appellant here points out various differences between his device and the device disclosed in the patent to Berg. Reference to the drawing of the patent to Berg unequivocally discloses that the poles 3 and 4 of the reference are "cylindrically faced poles" as called for by the limitation to that effect in claim 59.

Reference in appellant's brief is made to the distinction between Berg's double helix-type spiral armature and his thin limited pole pieces which operate in such a way as to produce no interposed pressure in the magnetic gaps, and appellant's device with its single-twist spiral armature and extensive poles which does have pressure shielding in the magnetic gaps and operates "with pole and armature relatively widely spaced." That distinctive feature of the apparatus is not specified in any limitation of claim 59 and need not be further discussed. Under the usual practice, limitations not set forth in a claim for a patent need not be considered. In re Crowell, 84 F.2d 206, 23 C.C.P.A., Patents, 1246.

Appellant contended before the Board of Appeals and he contends here that, as clearly indicated in the drawing, the pole pieces of the gauge in the patent to Berg are extremely thin and do not extend axially for as much as an eighth of the pitch distance of the spiraled armature. The board held that while the structure of Berg appeared to disclose pole pieces that were made of thin material, they were curved so as to follow the spiral for a substantial distance along its circumference, and that such distance when projected upon a plane passing through the axis, will extend an appreciable length in an axial direction. That construction, the board stated, will produce the same result as appellant's device, "which has thick pole pieces, and is considered to be the full equivalent thereof."

Appellant urges in his brief before us that the board was incorrect in using the reasoning that the length of the pole pieces disclosed in the patent to Berg extend an appreciable length along the axis of the armature and will produce the same result that is produced by the thick pole pieces of appellant's device.

The description of the invention embodied in Berg's specification discloses he admonished any person skilled in the art that, in making or constructing the patented device, the pitch of the armature as shown in the accompanying drawing was much exaggerated. While appellant argues that the pole pieces disclosed by Berg are extremely thin, there is no reference by appellant to any teaching in Berg's specification to the effect that his pole pieces should be extremely thin, or that such a feature was desirable.

The Solicitor for the Patent Office correctly states that the drawing of the patent to Berg is merely illustrative of the principle there involved and does not define the exact measurement or proportions of the elements embodied in the invention. Vickery v. Barnhart, 118 F.2d 578, 28 C.C.P.A., Patents, 979; Gold v. Gold, 34 App.D.C. 152; Sandusky Foundry & Machine Co. v. De Lavaud et al., 6 Cir., 274 F. 607.

In claim 59 the limitation "opposite poles of the magnet having a pole length extending along the length of the armature for at least the greater part of a quarter of a length of armature pitch" is supported by appropriate allegations in appellant's specification. That specification however provides: "The length of spiral influenced by the magnet flux may be greater or less than

one-quarter pitch length of spiral." Obviously, the description of the length of the spiral influenced by magnet flux discloses that, by the teaching of appellant's own specification, the involved limitation is by no means critical.

With respect to the distinctions in structure between appellant's device and that of Berg, we find no manifest error in the conclusion of the board that such differences are of no importance from the standpoint of the patentability of claim 59 over the disclosure of the cited reference.

The further question here in issue is whether the remaining claims define a method distinct from the mere functioning of the apparatus for which the apparatus claims hereinbefore described have been allowed.

Where all the acts which constitute the steps of a process or method claim are restricted solely to the action and the results of the action of a specific machine, that process or method defines the function of the machine and is not patentable under the rule laid down by this and other courts. In re Ashbaugh, 173 F.2d 273, 36 C.C.P.A., Patents, 902, and authorities therein cited; Smith Engineering Works v. Nordberg Mfg. Co., 7 Cir., 68 F.2d 492.

As correctly pointed out in detail in the brief of the Solicitor for the Patent Office, a mere reading of the rejected method claims clearly discloses that each such claim is restricted to a specific apparatus and the claimed method is no more than the function of that specific apparatus. That appellant has disclosed more than one machine for carrying out the alleged process, does not, under the facts presented by the instant record, make any material difference. See In re Nichols, 171 F.2d 300, 303, 36 C.C.P.A., Patents, 759, wherein this court quoted with approval the following pertinent statement from the case of Black-Clawson Co. v. Centrifugal Engineering & Patents Corporation, 6 Cir., 83 F.2d 116, 120: "And a process which cannot be described otherwise than by describing the characteristic function of a machine is not validated by showing it may be carried on *by another machine which has the same*

*characteristic function in respect to the precise result to be attained."* (Italics quoted.)

In view of the conclusion hereinbefore expressed with respect to the rejected claim for apparatus and the appealed claims for method, it is deemed unnecessary to discuss other points raised by counsel for the respective parties.

The decision of the Board of Appeals, for the reasons stated, is affirmed.

Affirmed.

By reason of illness, HATFIELD, J., was not present at the argument of this case and did not participate in its decision.