41 C.C.P.A. (Patents)

**Application of OLSON.**

**Patent Appeal No. 6045.**

United States Court of Customs
and Patent Appeals.

March 23, 1954.

Rehearing Denied May 24, 1954.

Andrew E. Carlsen, Minneapolis, Minn., for appellant.

E. L. Reynolds, Washington, D. C. (H. S. Miller, Washington, D. C., of counsel), for Commissioner of Patents.

Before O'CONNELL, JOHNSON, WORLEY, COLE, and JACKSON, Judges.

O'CONNELL, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office sustaining the action of the Primary Examiner in rejecting claims 24 to 27, inclusive, of appellant's application for a patent on alleged improvements in couplers for hydraulic hose lines and the like. No claims were allowed.

The cited references are:

Tessner 1,114,937 Oct. 27, 1914; Mitton 1,721,349 July 16, 1929; Smith et al. 2,307,427 Jan. 5, 1943; Frank 2,313,223 Mar. 9, 1943; Johnson et al. 2,322,449 June 22, 1943; Ulrich 2,533,640 Dec. 12, 1950.

Claim 24 is illustrative and reads as follows:

"24. A coupler for releasably connecting hydraulic fluid conduits comprising, a pair of disconnectable body members having tubular bores extending longitudinally therethrough and disposed end to end with the bores in communicating alignment, means carried by and releasably connecting the adjacent end portions of the body members to retain them in fixed alignment and seal them against the escape of fluid from between the communicating ends of the bores, the adjacent ends of the bores each having a valve seat of lesser diameter than the bore, a pair of valve balls disposed one in each of the bores adjacent the respective seats for projecting therethrough and closing thereagainst to prevent the escape of fluid from the conduits when the body members are disconnected, said valve balls being operative by contact pressure between their projected portions, when the body members are being connected, to unseat each other from their respective valve seats, springs urging the balls toward the respective valve seats, a pair of ball stop members having threaded base portions screwed into the outer end portions of the respective bores so as to be rigidly stationary therein, a stem portion extending rigidly inwardly from each of the base portions, and a head portion integral with each of the inner ends of the stem portions, said base portions having fluid passageways in substantial alignment with annular fluid passageway defined by the inner surfaces of the bores and outer surfaces of the said balls, head portions and stem portions, *said ball stop head portions being equally spaced with respect to their associated valve seats to receive the balls when they are unseated from their valves by connecting the body members,* and said ball stop heads also being terminally recessed to center the balls with respect to the valve seats when the body members are connected and the valve balls

are in full valve opening position." [Italics supplied.]

The claims were all disallowed, among other reasons, on the ground that they were unpatentable over the art of record. The main ground of rejection, however, in this case resides in the concurring decisions of the tribunals of the Patent Office to the effect that the limitation relating to the ball centering means being equally spaced from the valve seats, recited in each of the respective claims, is new matter, not presented in the original specification, and not clearly shown in the drawing. The primary issue was thus summarized and approved by the board to the following effect:

"Claims 24 through 27 stand rejected as being directed to new matter. It is the Examiner's position that these claims all include the following: 'said ball stop head portions being equally spaced with respect to their associated valve seats to receive the balls when they are unseated from their valves by connecting the body members,' which appears in lines 29 to 32 of claim 24, or equivalent language therein, and that there is no basis for such a recitation anywhere in the original disclosure.

"Appellant states that this structure is supported by his original drawing and has filed an oath under the provisions of Rule 67 [35 U.S.C.A.Appendix], in order to support his contention and has also amended the specification to include this subject matter. His contention is that the drawing constitutes a disclosure of the subject matter and that under prevailing decisions, he is entitled to amend the specificaton in accordance with the disclosure of the drawing to support his position."

■ The patent laws provide that in the prosecution of an application for a patent, no amendment shall introduce new matter into the disclosure of the invention. 35 U.S.C. (1952) § 132. The board correctly held, however, that it is proper in support of claims which otherwise could not be allowed, to amend the specification of a pending application to include new matter clearly and conclusively disclosed by the drawings. Bloodhart v. Levernier, 64 F.2d 367, 20 C.C. P.A., Patents, 917; Wiemer v. Coe, Comr. Pats., 45 USPQ 407.

■ Where the drawings fail to meet that requirement, the Patent Office will not receive an affidavit, such as was submitted in the case at bar, for the purpose of curing defects in the drawings or establishing facts which the specification should have recited when it was originally filed as part of appellant's application. In re Smyth, 189 F.2d 982, 38 C.C.P.A., Patents, 1130.

■■ Ordinarily drawings which accompany an application for a patent are merely illustrative of the principles embodied in the alleged invention claimed therein and do not define the precise proportions of elements relied upon to endow the claims with patentability. In re Kinderman, 178 F.2d 937, 37 C.C. P.A., Patents, 800. See also In re Betz, 166 F.2d 831, 35 C.C.P.A., Patents, 1033; Wasberg v. Ditchfield, 155 F.2d 408, 33 C.C.P.A., Patents, 1099. Accordingly, the board in refusing to accept appellant's affidavit and the proposed amendments of his specification properly held:

"The statement as to the particular spatial relationship between the parts included in these claims, which is objected to by the Examiner, is not clearly shown in the drawing and there is nothing in the drawing which definitely supports appellant's contention. It is well known that Patent Office drawings are not normally drawn to scale, with the dimensions and sizes of parts shown to exact measurements as are shop drawings. In the particular case under consideration, the distances and dimensions involved are of the order of a few thousandths of an inch and it appears obvious that the drawing alone cannot be scaled off, under these circumstances, to show

that any particular distances or sizes are exactly equal when the specification is completely silent in this respect. For this reason, we do not consider that appellant's drawing supports the position he has taken in respect thereto and we will affirm the Examiner's rejection of these claims as drawn to new matter."

Under the patent statutes claims shall be allowed solely on condition that the applicant submits in his specification a written description of the invention in such full, clear, and exact terms as to enable any person skilled in the art to make, construct, and use the same. 35 U.S.C. (1952) § 112. By compliance with this requirement, the progress of science and useful arts will be promoted. This is particularly effective following the expiration of the patent monopoly when the subject thereof reverts to the public domain. In re Shao Wen Yuan, 188 F.2d 377, 38 C.C.P.A., Patents, 967; In re Beach, 152 F.2d 981, 33 C.C.P.A., Patents, 815.

The statutes make reward to an inventor and the owner of a patent a matter of secondary consideration. Nevertheless, Congress intended, during the life of a patent, that the owner thereof shall be endowed by such statutes with valuable, enforceable rights, together with commensurate rewards, on the theory that encouragement of individual effort by personal gain is the best way to advance the public welfare. Mazer v. Stein, U.S., 74 S.Ct. 460.

The court is of the opinion that appellant has made a valuable contribution to the art here involved. Despite that fact, and the fact that the claimed device has met with prompt commercial success, the decision of the Board of Appeals, for the reasons hereinbefore stated, must be and hereby is affirmed.

Affirmed.

WORLEY, Judge, dissents.

JACKSON, Judge, retired, sat for GARRETT, Chief Judge.