43 C.C.P.A. (Patents).

## Matter of the Application
### of
### Carl B. NASH.
### Patent Appeals No. 6169.

United States Court of Customs
and Patent Appeals.
Feb. 21, 1956.

Spencer, Willits, Helmig & Baillio, Detroit, Mich. (Bryce Bucher, Detroit, Mich., and George L. DeMott, Washington, D. C., of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (S. W. Cochran, Washington, D. C., of counsel), for the Commissioner of Patents.

Before O'CONNELL, Acting Chief Judge, and JOHNSON, WORLEY, COLE, and JACKSON (retired), Judges.

COLE, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the rejection by the Primary Examiner of claims 4, 5, 6, 13, 20, and 21 of appellant's application, Serial No. 774,646, for a patent on an air spring. Claims 20 and 21 were rejected as unpatentable over prior art while claims 4, 5, 6, and 13 were rejected as being drawn to non-elected species, no generic claim having been allowed. Four claims have been allowed. Claim 20, which is representative of the claims rejected on prior art, is as follows:

"20. A variable rate air spring having a plurality of volumes capable of selective response to vibrations of different frequencies and amplitudes including a plurality of variable volume containers in series communication and containing air under pressure, means for restricting air flow from one container to another, a fixed volume reservoir, and a free flow passage connecting said reservoir directly with one of said containers whereby the rate of air flow between containers is less than that at which air flows from said one of said containers into said reservoir."

The references of record are the following: Kuhn 2,180,876 November 21, 1939; Geyer et al. 2,226,605 December 31, 1940.

Appellant's application discloses a load supporting pneumatic cushioning device comprising two or more interconnected variable volume flexible containers arranged one above the other. The bottom container is supported by the vehicle axle while the top one supports a portion of the chassis. The containers are filled with air or gas under pressure and are in communication with each other through openings of predetermined size, while the top container also communicates with a reservoir of fixed volume.

The drawing of the application, considered alone, appears to show the opening which connects the top container with the reservoir as being of substantially the same diameter as the opening connecting the top container with the one immediately below it.

The patent to Kuhn shows a pneumatic vehicle supporting device made up of two variable volume flexible sections mounted one above the other between the axle and the chassis and communicating with each other through a restricted opening provided with a check valve. The upper section is provided with an air hose connection which, as described in the specification, may place it in communication with another similar supporting unit.

The patent to Geyer et al. shows a pneumatic cushion adapted to support a portion of a chassis from an axle and comprising two superposed variable vol-

ume flexible sections which communicate with each other, while the upper section also communicates with a reservoir of fixed volume. The opening which connects the two sections is of the same size as that which connects the upper section with the reservoir.

Appealed claim 20 calls for an air spring including a plurality of communicating volume containers, one of which is connected with a fixed volume reservoir by a "free flow passage"; and "means for restricting air flow from one container to another." The Primary Examiner construed claim 20 as requiring that the opening between the containers must be smaller than the opening connecting one of the containers with the fixed volume reservoir. He rejected the claim on Geyer et al. in view of Kuhn, on the ground that it would not require invention to restrict the opening between the flexible containers of Geyer in the manner suggested by Kuhn.

The Board of Appeals discarded the Kuhn reference for the reasons that it does not disclose a fixed reservoir and contains no clear teaching that the passage through the air hose is larger than the passage which connects the flexible sections of the cushion with each other. We agree with the board that the Kuhn reference is deficient in the respects noted and accordingly cannot properly be combined with the Geyer et al. patent in the rejection of the appealed claims.

The board held claim 20 to be unpatentable over Geyer et al. alone, basing its decision on the holdings that the passage between the flexible sections of Geyer's device would necessarily restrict the flow of air between them, and that the opening from the upper section to the reservoir, although shown as of the same size as the opening between the sections, would provide for "free flow" to the same extent as the corresponding opening in appellant's device.

The board was of the opinion that the appellant's specification contains no clear statement "that the passageway between the upper bellows and the reservoir is of greater diameter than the passageway between the bellows," and that the drawing, which shows those passageways as being of substantially the same size was therefore controlling. As we understand the board's decision, it is based on the alleged lack of a clear disclosure in the appellant's application as to the different sizes of the passageways in question. The decision does not appear to hold that claim 20 could be properly rejected on the Geyer et al. patent if appellant's application clearly disclosed that the passageway between the sections of the bellows or cushions is significantly smaller than the passage connecting the upper section with the fixed volume reservoir.

We are of the opinion that the specification of appellant's application clearly discloses that the opening which connects the upper flexible container with the reservoir must be substantially larger than the opening connecting that container with the one below it. The first object of the invention stated in the specification is to provide an air spring which "responds flexibly to low amplitude vibrations while automatically becoming stiffer to high amplitude vibrations." It is explained that that result is obtained by providing a cushioning device having an upper container section which responds immediately to impulses and a lower container section which responds more slowly, the difference being due to the trapping of air in the lower section because of the restriction of the opening between the sections. The greater flexibility of the upper section is said to be due to the fact that that section is "in free open communication with the reservoir."

It is true, as stated by the board, that the expression "free open communication," standing alone, does not define any definite size of the communication opening, and the same would also be true of the word "restriction." However, when one of two openings from the same element is referred to as providing "free open communication," while the other opening is described as a "restriction," the only reasonable meaning is that the

former is substantially larger than the latter.

The foregoing interpretation is strengthened by the description in the appellant's specification of the mode of operation of his apparatus. It is apparent from that description that the lower section of the device reacts more slowly than the upper and that the difference is due to the inability of the air to escape quickly from the lower section. If the opening between the sections were as large as that between the upper section and the reservoir, the two sections would react in substantially the same way. It is therefore clear that those openings must be of different sizes if the device is to operate as described.

The specification of an application is addressed to persons skilled in the art, and we consider that such persons could reach no other conclusion from the appellant's specification than that the relative size of the openings in question is as above indicated. It is also proper to note that the Primary Examiner never questioned the sufficiency of the appellant's disclosure as to that matter, but construed the application and claims as calling for a construction in which the passage between the sections is more restrictive than that between the upper section and the reservoir.

■ While the appellant's drawing, as above noted, seems to show the passages as being of about the same size, it is well settled that the drawings of patent applications are not ncessarily scale or working drawings, and that a clear disclosure of parts or proportions in the specification is not nullified by a draftsman's error indicating different proportions or arrangements. Cutler-Hammer Mfg. Co. v. Union Electric Mfg. Co., C. C., 147 F. 266; Western Telephone Mfg. Co. v. American Electric Tel. Co., 7 Cir., 131 F. 75; Crown Cork & Seal Co. v. Aluminum Stopper Co., 4 Cir., 108 F. 845; American Valve & Meter Co. v. Fairbanks, Morse & Co., 7 Cir., 249 F. 234; see In re Olson, 212 F.2d 590, 41 C.C.P.A., Patents, 871.

For the reasons given we hold that appellant's application sufficiently discloses an air cushion having a plurality of variable volume containers which communicate with each other, and one of which communicates with a fixed volume reservoir through an opening substantially larger than the opening which connects the containers with each other. That arrangement is properly defined in claim 20, above discussed, and is also clearly defined in appealed claim 21 which calls for "means for restricting the flow of fluid from one chamber to the other at a rate less than that at which fluid flows into the reservoir."

■ The arrangement set forth in claims 20 and 21 provides a simple air cushioning device having two or more parts which respond differentially to vibrations so that one of them may collapse readily while the other remains comparatively rigid. Such an arrangement is not suggested by the references of record, singly or combined and we are therefore of the opinion that appealed claims 20 and 21 are patentable over those references.

Appealed claims 4, 5, 6, and 13 were rejected solely on the ground that they are drawn to non-elected species, no generic claim having been found allowable. In view of our holding that generic claims 20 and 21 are patentable, the rejections of claims 4, 5, 6, and 13 cannot be sustained.

The decision of the Board of Appeals is reversed.

Reversed.

JACKSON, Judge, retired, recalled to participate.