Worley, Judge,
delivered the opinion of the court:
This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the final rejection by the Primary Examiner of claims 9, 10, 11, 13, 14, 16 to 20, inclusive, 34, 35,
. and 38 to 44, inclusive, of appellant’s application for a patent on photographic printing apparatus. Claim 9 is representative of the appealed claims and reads:
9. In photographic printing apparatus, in combination, a carrier, means for mounting the .carrier, for continuous rotation during operation, á motor for *835 rotating the'carrier continuously, a plurality of fonts of characters on said, carrier, a source of flash light, a photographic film and an optical system for-projecting, upon the occurrence of successive flashes of light, images of the. characters of a given font onto said film one at a time and means for bringing a selected font of characters in between the source of light and the optical system when desired.
The following references were relied on:
Franke, 829,263, August 21,1906.
Muller (German), 407,965, January 6,1925.
Harrold, 2,475,497, July 5,1949.
Claims 34 and 40 were rejected on Harrold in view of Muller, claim 41 on Harrold in view of Franke, and the remainder of the claims on Harrold alone. All the rejections are thus dependent upon the use of the Harrold patent as a reference, and it is not disputed by appellant that if that patent is properly used as a reference the rejection is proper. Appellant contends, however, that he has established a date of invention prior to November 15, 1944, the filing date of the application on which the Harrold patent was granted, and that the patent is thus not properly used as a reference.
The evidence relied on by appellant in support of his alleged date of invention comprises a number of affidavits and exhibits, as well as the evidence presented by him in Interference No. 84,685, which, was considered by this court in Tansel v. Higonnet et al., 42 C. C. P. A. (Patents) 732, 215 F. 2d 457, 103 USPQ 58. The Board of Appeals, while holding that appellant had failed to prove a conception date as early as November 15, 1944, stated that “The record in the interference proceeding is considered as establishing that the party Tansel was diligent in working on the subject matter supporting such claims [the claims involved here] from a time prior to November 15, 1944.” It is not apparent how an inventor can be diligent with respect to an invention before he has conceived it and, if he were, such diligence would not be material to any issue of priority.
The only diligence which is material in that respect relates to the reduction to practice of an invention after it has been conceived (35 U. S. C. 102 (g)). It seems clear from the board’s decision, however, that lack of diligence was not a ground for rejection of the appealed claims, and that the sole issue here is whether appellant has established conception of the invention defined by those claims prior to Harrold’s filing date, November 15,1944.
Appellant’s application discloses a photocomposing machine in which characters on a continuously moving carrier are photographically recorded on film for use in the printing process. The machine is controlled by a keyboard and a register is provided for storing information as to the characters and spaces in each line of composi- *836 tíon. A decoding device controlled from the stored information controls the projection of such characters onto a film in proper spaced relation. The projecting device includes a rotatable character carrier, optical projecting system, film carrying devices, and an intermittent discharge tube for giving flash exposures to selected characters. The control of the flash discharge tube to operate at the proper time is effected by solenoids controlled by the decoding device.
It is unnecessary to consider appellant’s rather complicated apparatus in further detail since the board’s holding that appellant had not conceived the invention prior to November 15, 1944, is based solely on the finding that he did not have “a definite and permanent idea of the complete and operative concept of the flash circuit component of his invention,” prior to that date. The claims have not. been discussed separately either in the decision of the board or in the brief for the Commissioner, and apparently they will all stand or fall together, since it appears to be conceded by the board that if the various exhibits and disclosures of appellant prior to November 15, 1944, contained an adequate disclosure of the flash circuit component of the device, they are sufficient to establish conception as to all the appealed claims.
In support of its holding, the board relied on the following statement in Mergenthaler v. Scudder, 11 App. D. C. 264, 1897 C. D. 724:
The conception of the invention consists in the complete performance of the mental part of the inventive act. All that remains to be accomplished in order to perfect the act or instrument belongs to the department of construction, not invention. It is, therefore, the formation in the mind of the inventor of a definite and permanent idea of the complete and operative invention as it is thereafter to be applied in practice that constitutes an available conception within the meaning of the patent law.
The Mergenthaler decision has been repeatedly cited and approved by this court, Harry P. Townsend v. Henry L. Smith, 17 C. C. P. A. (Patents) 647, 36 F. 2d 292, 4 U. S. Pat. Q. 269; Kenneth F. Cooper v. Jesse P. Hubbell, 19 C. C. P. A. (Patents) 790, 53 F. 2d 1072, 12 U. S. Pat. Q. 21; Orvis F. Rowe v. Frederick C. Holtz, 19 C. C. P. A. (Patents) 964, 55 F. 2d 465, 12 U. S. Pat. Q. 203; and In re Beach, 33 C. C. P. A. (Patents) 815, 152 F. 2d 981, 68 USPQ 196, but we do not construe it as holding that the final size and shape of every part and the location of every nut, screw, and bolt must be exactly foreseen before the conception of an apparatus can be said to be complete. It is sufficient if the inventor is able to make a disclosure which would enable a person of ordinary skill in the art to construct the apparatus without extensive research or experimentation. In re Beach, supra; Garand v. Pedersen, 22 C. C. P. A. *837 (Patents) 1161, 76 F. 2d 407, 25 U. S. Pat; Q. 247; and Barba v. Brizzolara, 26 C. C. P. A. (Patents) 1281, 104 F. 2d 198, 417 USPQ 749.
As stated by the board,'the evidence of record shows that appellant, prior to November 15, 1944, had prepared a written description of his invention “including the concept that a flash tube, photo-cell timing circuit, and electronic equipment to flash said tube would be used in the combination.” Appellant does not contend that his disclosures prior to November 15, 1944, included a specific flash circuit or timing means, and admits that if he were claiming to be the inventor of a flash circuit, such disclosures would be insufficient. It is his position, however, that such circuits were old and that those skilled in the art would have understood, on the basis of his disclosures, how they could be employed to produce the desired result.
Donald C. Harder, who was employed by appellant to build a machine embodying his invention, executed an affidavit in which he made the following statements:
That the new combination using the flash control was fully disclosed to him by Tansel in December, 1943, and that he told Tansel in December, 1943, that he could successfully build a photoeomposing machine in accordance with his conception, which he then proceeded to do;
That immediately after Tansel’s disclosure to him in December, 1943, he began a study of the prior art, particularly the art on flash circuits and controls therefor and as a result of that study selected, from the prior art, the circuits known as the Edgerton circuits for controlling the flash in the Tansel machine;
$ $ ‡ ‡ ‡ #
That while Tansel helped him build the machine he had sufficient knowledge long before November 6, 1944, to enable him to have built it without Tansel’s help.
We find nothing of record which tends to discredit the above statements. The problem involved is essentially one of accurately coordinating the timing of the flash with the remaining operations of the apparatus. Such coordination is, of course, broadly old in a wide variety of mechanisms, and it does not appear that its application to appellant’s device presented any problems of peculiar difficulty. If we correctly understand the invention, there is no apparent reason why a skilled mechanic could not have readily worked out an operative apparatus, on the basis of appellant’s disclosures, for performing the necessary functions.
Both in the decision of the board and in the brief for the Commissioner, emphasis is placed on the fact that in January 1945 Harder wrote a letter which indicates that he was still seeking information as to triggering circuits for operating flash tubes to meet “the requirements of the apparatus I have in mind.” That letter, however, in *838 our opinion, does not refuté Harder’s categorical statements that he could have built .an operative machine on the basis of information which he had prior to November 15, 1944, but merely indicates that he was seeking the best method of adapting appellant’s disclosure for use. This appears to have been recognized by the board which observed that “Mr. Harder was perhaps working for a degree of excellence and efficiency in the completed machine beyond what was-required to constitute a reduction to practice of the invention.” The fact that Harder was trying to improve the machine before building it does not necessarily establish that the original conception by appellant did not embrace an operative machine.
For the reasons given, we are of the opinion that appellant has established conception of the -invention defined by the appealed claims prior to November 15, 1944. Thus, it becomes necessary to reverse the decision of the.Board of Appeals.