## In re MEINECKE.
### Patent Appeal No. 2545.

Court of Customs and Patent Appeals.
Dec. 1, 1930.

Hauff & Warland, of New York City (William E. Warland, of New York City, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

By concurring decisions the respective tribunals of the Patent Office rejected all of appellant's claims for patent on improvements on syringes. The claimed invention is for a method of marking, by corresponding numbers, the barrels and pistons of glass syringes, so that when taken apart for sterilization or other purpose, the particular piston belonging to a particular barrel may be easily identified; also for the articles themselves.

Appellant quotes claims 4 and 5 of his application as originally filed (11 and 12 in the final form) as typical:

"4. As a new article of manufacture a glass syringe with ground-in piston comprising a number on the barrel of the syringe and the same number on the piston of the syringe.

"5. The method of marking glass syringes containing a removable ground-in piston by consecutively numbering the barrels and consecutively numbering the pistons and having the same number on the barrel and its corresponding piston."

In affirming the decision of the examiner, the Board of Appeals said:

"It is common knowledge that parts of built up constructions are identified so that they may be properly selected and fitted together by means of identification characters placed thereon. Door keys for locks, and various other parts of an automobile are so identified and different parts of machines and tools are thus identified. The identification characters are either painted, stamped or cut into the parts, depending upon the material of which they are made and the degree of permanency that is sought. * * *

"The parts that applicant seeks to identify with each other are the piston or plunger of an all-glass syringe and its cylinder. We see nothing inventive in the method of identifying these parts by placing identifying marks thereon whether such marks are of a permanent character or not, nor do we see anything inventive in the selection of desirable locations on such parts for such marks.

"The article is a glass syringe. To place etched or ground-in characters upon the exterior of the parts, the plunger and the cylinder in which the plunger works would not involve invention even though the location of the characters on the plunger are so placed that they would appear through the transparent glass cylinder adjacent the characters on the cylinder when the parts, the plunger and cylinder, are in assembled positions."

Reference was made to a patent showing locks and keys, marked by corresponding numbers, and also to one wherein the principle was applied to car seals.

We agree with the tribunals of the Patent Office. Surely there can be no invention in applying to glass syringes a practice, the exact principle of which has been applied in innumerable arts, probably from the time that men first learned to write characters representing numbers.

Commercial success in placing the devices so marked upon the market is not an evidence of invention, however strongly it may speak for utility, except in a doubtful case. McClain v. Ortmayer, 141 U. S. 419, 12 S. Ct. 76, 35 L. Ed. 800; Union Biscuit Co. v. Peters (C. C. A.) 125 F. 601, and authorities therein cited. A patent must be based on invention; not commercial success.

Unless a device is a product of the inventive faculties, the mind advancing "from the known to the unknown by a transition natural to the ordinary instructed intellect, there is no invention." Farnham v. United States, 47 Ct. Cl. 207.

In Excella Pattern Co. v. McCall Co., 5 F.(2d) 61, 62, a garment pattern patent infringement case, the U. S. Circuit Court of Appeals, Second Circuit, said:

" * * * It has occurred to all industries, and in nearly every practice of life, to mark for assistance and identification two things which are liable to be confused, giving the name, number, or some identifying provision. Court records, lawyers' papers, manufacturers, and, indeed, men in everyday affairs of life, avoid confusion by so doing."

The authorities cited by appellant do not, we think, sustain his contention of patentability in the face of the authorities quoted and cited herein. Both the authorities and reason are adverse to the patentability of the claims.

The decision of the Board of Appeals is affirmed.

Affirmed.