41 C.C.P.A. (Patents)

## Application of BEAUCHAMP.
### Patent Appeals No. 6023.

United States Court of Customs and Patent Appeals.

Feb. 3, 1954.

Samuel Reese, Cleveland, Ohio (Lee L. Townshend, Washington, D. C., of counsel), for appellant.

E. L. Reynolds, Washington, D. C. (S. W. Cochran, Washington, D. C., of counsel), for Commissioner of Patents.

Before O'CONNELL, JOHNSON, WORLEY, COLE, and JACKSON (retired), Judges.

O'CONNELL, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner who rejected, for lack of invention over the prior art, claims 24–26, 30, 31, and 33–36 of appellant's application for a patent on certain improvements in metallic doors for railway cars and the method of manufacturing them. No claims were allowed.

The references are: Murphy 1,506,026 Aug. 26, 1924; Eklind et al. 1,745,846 Feb. 4, 1930; McWilliams 1,938,634 Dec. 12, 1933; Ditchfield 2,468,184 Apr. 26, 1949.

Claims 24 and 33 are illustrative and read as follows:

"24. In sliding doors of the same width but of different heights for railway house cars, a metallic panel, said panel being formed of three metallic sheets having horizontal corrugations and top, bottom and side marginal flanges offset outwardly from the main plane of said sheets and lying in the outer plane of said sheets, said sheets being joined together at contiguous top and bottom marginal flanges by a single row of rivets, and reinforcing members secured to said top, bottom and side marginal flanges of said panel, said sheets being of the same width and of not more than two different heights regardless of the height of said doors within the height limits of doors for such cars, said top marginal reinforcing member for said doors varying in height for doors of different heights by amounts less than the spacing between said corrugations of said panel sheets, the distance

between the corrugations of said panel adjacent to and on opposite sides of the joints between said sheets being the same for all heights of door.

"33. In the art of manufacturing railway freight car doors of the same width but different heights, the steps comprising forming a plurality of horizontally corrugated metallic sheets of the same width and not more than two different heights with top and bottom marginal flanges of the same height regardless of height of sheet and offset outwardly from the plane of the sheets so as to lie outwardly of said plane and with similarly offset side marginal flanges lying in the plane of the top and bottom marginal flanges, forming a plurality of panels of the same width and height by securing together the top and bottom marginal flanges of not more than three of said sheets by single rows of rivets regardless of the height of panel, securing reinforcing members to the side and bottom marginal flanges of said panels, and securing reinforcing members of different heights but of a height not greater than the spacing between the horizontal corrugations to the top marginal flanges of said panels."

The involved subject matter is briefly defined in the decision of the board to the following effect:

"This application is directed to replacement doors, of the corrugated panel type, for freight cars. The doors are disclosed as composed of three panels. It is appellant's purpose to be able to construct a great variety of heights of doors from a relatively few stock parts. To this end, he proposes to employ only two sizes of corrugated panels, for instance, of six and seven corrugations, respectively. It is obvious that from various combinations of these panels, three panel doors of from eighteen to twenty-one cor-

rugations may be fabricated. To provide for door heights falling between corrugation widths, the width of the top frame strip is varied."

The examiner's descriptions of the disclosures of the reference patents are relied upon by the Solicitor of the Patent Office as "accurate and sufficiently detailed" for the purposes of this appeal. The same are reproduced herewith, omitting the itemized reference to certain elements of the involved specifications and drawings:

### The patent to Murphy

"This patent shows a railway freight car door made of three panels. The panels are connected to each other by a single row of rivets and it should be noted that the door is made of two different size panels, the top two panels each having six corrugations and the bottom panel having five corrugations. The door has side reinforcing members, a top reinforcing member and a bottom reinforcing member. The door is certainly capable of accommodating a top reinforcing member which is either longer or shorter than the one shown. The bottom reinforcing member, along with the corrugated panel and the backing plate form a box-like structure at the bottom of the door."

### The patent to Eklind et al.

"This patent shows a freight car door made of three panels. The door has the usual side, top and bottom reinforcing means."

### The patent to McWilliams

"The McWilliams patent shows a door made of three panels, said panels being of two sizes. The bottom panel contains one more corrugation than the two upper panels."

### The patent to Ditchfield

"This patent also shows a door made of three panels in which one-

panel contains one more corrugation than the other two panels. This door also has the usual reinforcing members around all four sides of the door."

The claims in issue fall into three separate and distinct groups and have been so treated throughout the prosecution of appellant's application.

Claims 24, 25, 26, and 28 are drawn to car door structure and define appellant's solution of the problem of making car doors to accommodate openings of variable heights on a standardized and inexpensive basis. More particularly, the corrugated door called for by the limitations of these claims is of variable height, in which the top marginal reinforcing or frame member is varied in height by amounts less than the spacing between the corrugations of the panels.

The board held the patent to Murphy to be representative of the four references on which these claims were rejected. The board also noted that appellant, referring to the photographic exhibits 274, 364, and 392, acknowledged it is old in the art to produce three panel sheet replacement corrugated car doors to fit openings for various size doors "by varying the height of the bottom and top marginal portions of the sheets."

A careful examination of the references of record and the principles on which they operate, compels the court to agree with the action of the board in its rejection of claims 24, 25, 26, and 28, for the following stated reasons:

"Murphy discloses three panel doors and the use of only two sizes of panels, namely, having five and six corrugations, respectively. This patent also discloses the use of a single row of rivets to join each pair of panels together. We cannot agree with appellant that if Murphy's door were increased in height, double rows of rivets would be necessary. Also, it would appear obvious that various combinations of panel widths could be used in con-structing doors, as taught by Murphy, to fit different sized openings. Further, if the door still did not fit the openings, we do not consider that invention would be involved in increasing the width of one or more of the marginal frame members."

Claims 33, 34, 35, and 36, drawn to a method of manufacturing doors for railway freight cars, were rejected by the examiner, among other reasons, "as being the obvious method of assembly of a door of this type," citing Murphy, Mc-Williams, and Ditchfield, supra. The board approved the disallowance of this group of claims for the reasons stated by the examiner, and in taking such action remarked that like appellant's teachings, each of the patents relied upon by the examiner discloses three panel (sheet) doors in which at least one of the panels has one more corrugation than the others.

The limitations of claims 30 and 31 include none of the adjustable features hereinbefore described, but provide a box-like structure at the lower part of the door. The feature appears as a conventional expedient in the prior art of record. Appellant emphasizes the unexpected advantages of this construction but, as pointed out by the Solicitor for the Patent Office, appellant has omitted from these claims the very features upon which he relies to endow the claims with patentability.

Concededly, there are certain differences in appellant's claimed construction and method that are not disclosed in the art upon which his claims have been rejected.

We agree with the tribunals of the Patent Office, however, that while appellant's claimed improvements constitute an advance in the art of providing and manufacturing car doors, such differences did not involve an exercise of the inventive faculty, and the improved results are not such as to otherwise endow the claims with patentability. See In re Stover, 146 F.2d 299, 32 C.C.P.A.,

**312**

Patents, 823; In re Meinecke, 44 F.2d 674, 18 C.C.P.A., Patents, 752.

■ The fact that the patent to Murphy was issued more than 29 years ago nowise invalidates the teachings of the reference with respect to their anticipatory or suggestive force. In re Rosenberger, 116 F.2d 507, 28 C.C.P.A., Patents, 818.

For the reasons hereinbefore stated, the decision of the Board of Appeals is affirmed.

Affirmed.

JACKSON, J., retired, was recalled to participate in this case in place of GARRETT, Chief Judge.